THE STATE OF OHIO, APPELLEE, *v.* JAMES, APPELLANT.

(No. 4033—Decided October 30, 1974.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Randal A. Anderson, Jr.,* for appellee.

*Mr. John W. Kessler,* for appellant.

CRAWFORD, P. J. The defendant, Frank James, and the decedent, Lula Frey, lived at 713 Westwood Avenue in Dayton. They had an argument there on April 15, 1969. Lula Frey then called the police, who arrived at about 12:45 a. m., and left with them.

The next day, April 16. 1969, decedent was in the house at 713 Westwood talking on the telephone to the police dispatcher and, while she was holding the telephone, defendant, the appellant, came into the house and fired four shots into her and her death ensued.

Defendant claimed self-defense on the basis that he believed deceased was bringing a gun out of her bra. Such gun was never found. During this episode, the telephone was still open and connected with the police department, where the sounds transmitted by the telephone were recorded on tape. This tape recorded the shots and conversation. Defendant was convicted of the second-degree murder of Lula Frey The tape was introduced in evidence at defendant's trial as part of the *res gestae*.

On defendants' present appeal from that conviction, his single assignment of error is the introduction into evidence of the tape recording of the conversation and other sounds received over the telephone in the office of the police dispatcher. He contended that the tape is not the best evidence, but that the best evidence would be the testimony of the police dispatcher.

Janet Welz, the police dispatcher, was called by the state to testify. She verified the accuracy of a typewritten transcript of the conversation taken from the tape. The transcript was introduced in evidence. She was not asked either on direct or cross-examination about hearing the shots recorded on the tape, which were not reflected in the typewritten transcript.

Defendant's argument that the testimony of the dispatcher would be the best evidence, so as to render the tape inadmissible, is not supported by his citations.

In *People* v. *Kulwin* (1951), 102 Cal. App. 2d 104, 226 P. 2d 672, the defendant objected to the testimony of a witness to a conversation which had been recorded, contending that the recordings were the best evidence. The court held that the testimony of a witness testifying from memory is not rendered inadmissible by the existence of a record of what was heard.

Both mechanical recordings and the testimony of a witness whose memory was refreshed thereby were held properly admitted in *Kilpatrick* v. *Kilpatrick* (1937), 123

Conn. 218, 193 A. 765. Both mechanical recording and personal testimony were held admissible in *Thompson* v. *State* (Okla. Cr. 1956), 298 P. 2d 464.

None of these cases holds that the taped record is inadmissible. On the contrary, as set forth in 29 American Jurisprudence 2d 496, Evidence, Section 436, both the tape and the oral testimony are admissible.

"Where proof of a conversation has been of two different kinds, namely, a recording thereof and testimony by witnesses who overheard it, it has been argued that both the recording and the testimony were the best evidence; however, the courts have not relegated either to a secondary position, but have held that both types of evidence are equally competent primary evidence, and that one is not to be excluded because of the existence of the other."

Also, see annotation, 10 L. Ed. 2d 1169, at 1175, entitled "Admissibility of sound recordings as evidence in Federal criminal trial." More than one witness may testify to the same facts or conversation, and the same fact may be proved by different types of proof as, for example, direct and circumstantial evidence. Where both are introduced, the one may corroborate the other, or, if they are contradictory, a question is presented for the jury.

Counsel for the state make the valid comparison between a photograph and the photographer's description of the thing or scene photographed. The photograph, if properly authenticated, as the tape was here, is clearly admissible. In fact, the photograph and the recorded tape here are much more likely to be free from error than the words of a witness testifying from memory.

The rules of evidence regarding admission and exclusion, including the rule requiring the production of the best evidence, are founded basically upon considerations of truth and reliability. A mechanical record, if audible or legible, and not tampered with, is likely to be much more accurate and dependable than oral testimony. The taped record was properly admitted and the judgment will be affirmed.

*Judgment affirmed.*

Kerns and Sherer, JJ., concur.